# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

| | |
|---|---|
| ELLEN S. CAILLOUET,<br><br>    Plaintiff,<br><br>v.<br><br>SILVER SLIPPER CASINO VENTURE LLC,<br><br>    Defendant. | CIVIL ACTION NO. 1:21cv327 TBM-RPM |

## SILVER SLIPPER CASINO VENTURE, LLC'S NOTICE OF REMOVAL

**COMES NOW** Defendant, Silver Slipper Casino Venture, LLC ("Silver Slipper"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal to this Honorable Court and states as follows:

PROCEDURAL BACKGROUND

1. Plaintiff Ellen Caillouet ("Plaintiff" or "Caillouet") filed a Complaint on September 9, 2021, against Silver Slipper in the Circuit Court of Hancock County, Mississippi.

2. In her Complaint, Plaintiff alleges that she suffered injuries on May 1, 2021, by tripping over an alleged hazardous condition in Silver Slipper's parking lot.

3. Silver Slipper was served the summons and Complaint via Certified Mail on September 24, 2021. Silver Slipper, accompanying the Complaint, was also served Plaintiff's Interrogatories and Request for Production of Documents and Things.

4. The documents attached hereto as "Exhibit A" constitute all of the process, pleadings, and orders served upon Silver Slipper in the state court action, and are submitted

herewith pursuant to 28 U.S.C. § 1446.  There are no other process, pleadings, or orders properly served upon Silver Slipper to date in connection with this case.

5. Silver Slipper has not pled, answered, or otherwise appeared in the state court action.

6. Pursuant to 28 U.S.C. § 1446(b), Silver Slipper files this Notice of Removal within thirty (30) days of its receipt of the summons and Complaint.

7. No other Defendant has sought similar relief in this action, as there are no other defendants in this action.

## PARTIES

8. Plaintiff is a resident citizen of the State of Louisiana.

9. Silver Slipper Casino Venture, LLC is a single member limited liability company, wholly owned by Full House, Inc., a Delaware corporation with its principal place of business in Nevada. For purposes of diversity jurisdiction, Silver Slipper is a citizen of Nevada and Delaware. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members"); *see also* 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

10. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

11. This Court has subject matter jurisdiction over this controversy involving parties of diverse citizenship pursuant to 28 U.S.C. § 1332(a)(1).  Complete diversity exists among the parties to this action: Caillouet is a resident citizen of Louisiana, and Silver Slipper is a citizen of Delaware and Nevada.

12. Although the Plaintiff seeks an unspecified amount in damages, counsel for Plaintiff has confirmed Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that the district

court did not err in concluding that the plaintiff's claim exceeded $75,000 based on the allegations in the complaint, which included "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

13. The removing party bears the burden of proof to establish the prerequisites for federal jurisdiction upon removal of a case from state court. *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff has confirmed that her damages she is seeking are in excess of $75,000.

14. Plaintiff has also refused to stipulate to damages less than or equal to $75,000.00. This refusal supports the fact that this case meets the amount-in-controversy requirement found in 28 U.S.C. § 1332(a).

15. Further, in her Complaint, Plaintiff makes the following allegations, which demonstrate that her claims exceed $75,000:

> Solely as a result of the negligence of Defendant, ELLEN S. CAILLOUET has sustained the following non-exclusive elements of damages:
> a. Physical pain and suffering (past, present, and future);
> b. Mental anguish (past, present, and future);
> c. Loss of enjoyment of life (past, present, and future);
> d. Disfigurement and disability;
> e. Medical Expenses (past, present, and future);
> f. Lost Wages/Earnings (past and future);
> g. Loss of earning capacity; and
> h. Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

(Compl. ¶ 14).

16. Additionally, Plaintiff's Complaint included a demand for punitive damages based on Silver Slipper's alleged "willful, wanton, malicious and grossly negligent" conduct. (*See* Compl. ¶ 15).

17. The Mississippi Supreme Court continues to hold that there is no "hard and fast rule" for measuring the maximum award of punitive damages in a particular case. *See Sessums v. Northtown Limousines, Inc.*, 664 So.2d 164, 169 (Miss. 1995). In its decision in *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322 (S.D. Miss. January 2013, 2016), this Court referenced a possible 6:1 ratio, concluding that $13,000 in possible compensatory damages – coupled with potential punitive award – was sufficient to meet the $75,000 threshold. *Id*., at 2016 WL 164322 at *3 ("[a] potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the 'single digit ratio' which the Supreme Court suggests complies with due process.") (citing *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). The *Gentiva Certified Healthcare Corp.* court concluded by holding that it "cannot find to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount." *Id.*

18. Here, even if Plaintiff had not confirmed that her alleged damages exceeded the amount in controversy, and even if all of the alleged categories of damages discussed *supra* donot accumulate to more than $75,000 in damages, then these damages at least rise above the approximately $13,000 threshold amount relevant in a case involving punitive damages, such as this one.

19. Defendant denies any liability, and certainly does not believe Plaintiff is entitled to such an award. However, Defendant has demonstrated that the amount in controversy requirement is met.

20. Finally, the Silver Slipper Casino Hotel, the location of the alleged injuries at issue in this cause, is located in Bay St. Louis, Mississippi. (See Compl. ¶ 4 ("Venue is proper in Hankcock [sic] County, Mississippi, … since the alleged acts of negligence occurred in Hancock County.")).

21. Thus, a substantial part of the alleged events or omissions giving rise to the underlying claims occurred in this juridical district, making venue proper herein. 28 U.S.C. § 1391.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal and a copy hereof have been served this day, October 22, 2021, upon Plaintiff, through her counsel of record, and upon the Clerk of the Circuit Court of Hancock County, Mississippi. Said notices are attached hereto as "Exhibit B."

## ADOPTION AND RESERVATION OF DEFENSES

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Silver Slipper's rights to assert any defense or affirmative matter, including, but not limited to, defenses available under Rule 12 of the FED. R. CIV. P., Rule 12 of the MISS.R.CIV.P., any state or federal statute, or otherwise.

24. Silver Slipper reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Silver Slipper Casino Venture, LLC files this Notice of Removal for the purpose of removing this action from the Circuit Court of Hancock County, Mississippi to the United States District Court for the Southern District of Mississippi, Gulfport Division.

Done this the 22nd day of October, 2021.

                                                        Respectfully submitted,

                                                        *s/ John M. Lassiter*
                                                        John P. Kavanagh, Jr.  (MSB No. 9499)
                                                        John M. Lassiter, Sr. (MSB No. 102235)
                                                        Attorneys for Defendant
                                                        Silver Slipper Casino Venture, LLC

OF COUNSEL:
Burr & Forman LLP
11 North Water Street, Suite 22200
Mobile, Alabama  36616
Post Office Box 2287
Mobile, Alabama 36652
Telephone: (251) 344-5151
Facsimile:  (251) 344-9696
Email:  jkavanagh@burr.com

and

Burr & Forman LLP
The Pinnacle at Jackson Place
190 E. Capital Street, Suite M-100
Jackson, Mississippi 39201
Telephone:  601-355-3434
Facsimile: 601-355-5150
Email:  jlassiter@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for all parties, should they have appeared and, if they have not yet appeared, by e-mail directed to them:

Lauren Cavalier
1075 Government St.
Baton Rouge, Louisiana 70802
Email: lcavalier@dudleydebosier.com
Phone:  (225) 478-4242

s/ John M. Lassiter
OF COUNSEL
